

2002 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

10-21-2002

# Lipschultz v. Logan Assistance

Precedential or Non-Precedential: Non-Precedential

Docket No. 01-1564

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2002

Recommended Citation

"Lipschultz v. Logan Assistance" (2002). *2002 Decisions.* Paper 664.
http://digitalcommons.law.villanova.edu/thirdcircuit_2002/664

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2002 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

Nos. 01-1564 & 01-1565
_____

HARRY T. LIPSCHULTZ;
ESTATE OF SYLVIA LIPSCHULTZ;
SYLVIA HOLDINGS, INC.,

Appellants

v.

LOGAN ASSISTANCE CORPORATION;
REDEVELOPMENT AUTHORITY OF THE CITY OF PHILADELPHIA;
NOEL EISENSTAT; OFFICE OF HOUSING AND COMMUNITY DEVELOPMENT;
JOHN KROMER; DEPARTMENT OF LICENSES AND INSPECTIONS;
CITY OF PHILADELPHIA

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
D.C. Civil Action No. 99-cv-03626
(Honorable J. Curtis Joyner)

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
March 4, 2002
Before: SCIRICA and ROSENN, Circuit Judges, and WARD, District Judge*

_____

*The Honorable Robert J. Ward , United States District Judge for the Southern District
of New York, sitting by designation.

(Filed October 21, 2002)

## OPINION OF THE COURT

SCIRICA, <u>Circuit</u> <u>Judge</u>.

Harry Lipschultz and the estate of his mother Sylvia Lipschultz, property owners in the Logan section of Philadelphia, filed this § 1983 claim based on the City of Philadelphia's decision to compensate only residential landowners for property damage in the neighborhood. Because the Lipschultzes's causes of action were time barred, we will affirm.

## I.

The City first discovered that Logan buildings were sinking in 1984. In September 1986, Philadelphia Mayor Wilson Goode issued a compensation letter to Logan residents affected by the property damage. The policy authorized the City to provide compensation for residents who wished to move out of Logan but excluded businesses and mixed-use properties from compensation packages.

The Lipschultzes owned four properties in the Logan section of Philadelphia, consisting of residential units and a family pharmacy. The City offered to compensate the Lipschultzes for their residential units, but they decided to remain in Logan. A decade later, in July 1997, the family sold the pharmacy's assets. In May 1999, the Lipschultzes initiated these lawsuits against the City and its representatives. The District Court granted summary judgment in favor of the City and the other defendants on some counts and

dismissed the other counts without prejudice. We consolidated the separate cases on this appeal.

## II.

The District Court had jurisdiction under 28 U.S.C. § 1331 and 28 U.S.C. § 1367. We have jurisdiction under 28 U.S.C. § 1291.

## III.

A federal court should apply the state's statute of limitations for personal injury claims brought under 42 U.S.C. § 1983. E.g., Sameric Corp. v. City of Philadelphia, 142 F.3d 582, 599 (3d Cir. 1998). In Pennsylvania, the relevant statutory period is two years. See Pa. Cons.Stat. Ann. § 5524 (West Supp. 1997). This period begins to toll from the time a grievant "knew or should have known of the injury upon which its action is based." Sameric, 142 F.3d at 599.

Here, the Lipschultzes knew of their injuries as far back as 1986. Mayor Goode's initial correspondence to Logan community members specifically offered compensation only to owner-occupants of residential units. This letter put the Lipschultzes on notice of their pharmacy's ineligibility for compensation.

The Lipschultzes admit they "were aware of the City's policy of not compensating businesses." Brief for Appellants at 48. Nevertheless, they argue they did not incur an actionable injury until they "gave up on Logan and sold their assets." Id. Based on Mayor Goode's letter, the Lipschultzes knew or should have known residents would depart Logan and injure their pharmacy's business. At the very least, they admitted in a March 15, 1996,

3

letter that their neighborhood had been "decimated" by the departure of many residents. Nevertheless, they did not file claims until May 25, 1999.

As the Supreme Court has recognized, statutes of limitations are not "simply technicalities," but rather, "fundamental to a well-ordered judicial system." Board of Regents v. Tomanio, 446 U.S. 478, 487 (1980). Here, the statute of limitations bars the Lipschultzes' claims.

## IV.

In an effort to revive their time-barred claims, the Lipschultzes argue the City's disbursement of federal and local funds to Logan residents constituted continuing violations. The continuing violations doctrine[1] is an "equitable exception to the timely filing requirement." West v. Philadelphia Elec. Co., 45 F.3d 744, 754 (3d Cir. 1995).

To determine whether there was a continuing violation, we undertake a three-factor analysis of the defendant's affirmative acts. Cowell v. Palmer Twp., 263 F.3d 286, 292-93 (3d Cir. 2001) ("The focus of the continuing violations doctrine is on affirmative acts of the defendants."). Specifically, we look to the subject matter, frequency, and degree of permanence of the defendant's conduct. Id. (holding that the degree of permanence is the "most important of the factors"); see also Berry v. Board of Supervisors, 715 F.2d 971, 981 (5th Cir. 1983). To establish a continuing violation, the plaintiff has the burden of proving

---

[1]This doctrine also is known as the "continuing wrong" doctrine. E.g., Sameric Corp. v. City of Philadelphia, 142 F.3d 582, 599 (3d Cir. 1998).

4

that the defendant's conduct is "more than the occurrence of isolated or sporadic acts."

Cowell, 263 F.3d at 292 (quoting West, 45 F.3d at 755).

The Lipschultzes did not meet their burden here. "A continuing violation is occasioned by continual unlawful acts, not continual ill effects from an original violation." Id. at 293 (quoting Ocean Acres Ltd. v. Dare County Bd. of Health, 707 F.2d 103, 106 (4th Cir. 1983)). In Cowell, a township imposed two municipal liens on plaintiffs' land. Plaintiffs failed to bring their § 1983 claim until six years after the imposition of the second lien, long after the statute of limitations had run. We held the Township's conduct in issuing the liens and later refusing to remove them constituted a single, rather than continual, act, meaning the continuing violations doctrine did not apply.

Here, the Lipschultzes' argument rests on the premise that each disbursement to Logan residents represented a separate unlawful act. But these disbursements were merely consequences of the City's policy rather than independent discriminatory conduct.[2] As the Supreme Court expressed, "the proper focus [for the continuing violation theory] is upon the time of the *discriminatory acts*, not upon the time at which the *consequences* of the acts become most painful." Delaware State College v. Ricks, 449 U.S. 250, 258 (1980) (emphasis in original). Here, the allegedly discriminatory act occurred in September 1986 when the City issued its policy excluding businesses and mixed-use properties from

---

[2]The decision cited by the Lipschultzes, Brenner v. Local 514, 927 F.2d 1283, 1296 (3d Cir. 1991), does not support their proposition. Brenner involved repeated hostile acts by the Local against certain union members. This pattern of continual conduct was not present in Cowell nor this case.

compensatory relief. All of the Lipschultzes' injuries stem from this single, permanent act, meaning the continuing violations doctrine does not apply.

## V.

For the foregoing reasons we will affirm the judgment of the District Court.

6

TO THE CLERK:

Please file the foregoing opinion.

/s/ Anthony J. Scirica
Circuit Judge

DATED:  October 21, 2002

7